■ BOARD OF MANAGERS OF THE EUROPA CONDOMINIUM, Respondent, v JEFFREY ORENSTEIN, Appellant, et al., Defendant. [768 NYS2d 1]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 11, 2002, which, inter alia, denied defendant Orenstein's motion to dismiss the complaint on the ground that plaintiff lacked capacity to sue on behalf of the condominium's unit owners; order, same court and Justice, entered May 1, 2002, which, to the extent appealed from as limited by the brief, granted plaintiff's motion for summary judgment dismissing the fourth, seventh and eighth counterclaims, denied Orenstein's motion to treat the individual members of the board as counterclaim defendants, denied his cross motion for summary judgment dismissing the second, third and fourth causes of action and the second and third affirmative defenses, and denied his cross motion for partial summary judgment on his counterclaim for attorneys' fees; and order and judgment (one paper), same court and Justice, entered November 15, 2002, which granted plaintiff's motion for summary judgment and denied Orenstein's cross motion for summary judgment and declared that plaintiff had the sole discretion to regulate the use and operation of the residential elevators in the condominium and that neither Orenstein nor any tenant or owner of the commercial unit in question may use the residential elevators without the prior approval of the board of managers of the condominium to provide access for disabled workers to or from the commercial unit or for any other purpose, unanimously affirmed, with one bill of costs.

The condominium board is empowered to prosecute this action pursuant to Real Property Law § 339-dd. CPLR 3019 (d) does not provide for the joinder of additional parties, and defendant Orenstein's motion to add the individual board members as counterclaim defendants was properly denied. The board may regulate the use of the residential elevators pursuant to the condominium declaration and bylaws. The law of the case doctrine is inapplicable to Orenstein's contentions with respect to his first and second counterclaims since he never moved for judgment on these claims. Therefore, he was not entitled to summary judgment for attorneys' fees incurred in the prosecution of these claims. Orenstein's cross motion for summary judgment dismissing the second, third and fourth causes of action was properly denied since issues of fact exist with respect to the work performed, compliance with the bylaws and reimbursement for the condominium's professional and legal fees and for the alleged nuisance created by construction work. The fourth and eighth counterclaims were properly dismissed since, inter alia, they are duplicative of the third and sixth counterclaims, respectively.

We have considered defendant Orenstein's remaining contentions and find them unavailing. Concur—Saxe, J.P., Sullivan, Rosenberger, Friedman and Gonzalez, JJ.